**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CARLOS FINCH,

      Plaintiff-Appellant,

  v.

ROBERT COE; PAHASKA
COMPANY,

      Defendants-Appellees.

No. 05-8008
(D.C. No. 04-CV-12-D)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Carlos Finch appeals from the district court's judgment following a two-day bench trial. We affirm.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Finch filed this lawsuit asserting nine causes of action based on alleged mistreatment and wrongful termination from his employment at the Pahaska Tepee Resort in Wyoming. Finch began work as a seasonal maintenance worker in May 2003, and was terminated on July 14, 2003, as a result of confrontations with and threats against his co-workers.

Although it is less than clear, Finch apparently challenges the district court's factual findings, and in particular its credibility determinations.

"Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed. R. Civ. P. 52(a). "A finding of fact is 'clearly erroneous' if it is without factual support in the record or if the appellate court, after reviewing all the evidence, is left with a definite and firm conviction that a mistake has been made." *Manning v. United States*, 146 F.3d 808, 812 (10th Cir. 1998) (quotation omitted).[1] After reviewing the record, we conclude that the district court's factual findings are supported by the evidence and are not clearly erroneous.

---

[1] To the extent that Finch attempts to argue that the district court's conclusions of law were error, we likewise disagree. We review legal conclusions de novo. *Manning*, 146 F.3d at 813. As to each of his nine claims for relief, we find no reversible error in the court's interpretation and application of the law to the facts.

Finch also argues that the district court erred in failing to sanction Coe for his alleged discovery abuse in failing to timely disclose the addresses of two witnesses. In a motion to disqualify Coe's lawyer, Finch claimed the existence of a conspiracy to keep the witnesses' whereabouts a secret. The magistrate judge to whom the motion was referred found that it was "without merit and . . . frivolous," holding that there was no evidence of a conspiracy "or even discovery misconduct." Aplt. App., Vol. II, doc. 68 at 2. The district court affirmed the magistrate's recommendation.

Whether we view Finch's argument as a challenge to a discovery ruling or a refusal to impose sanctions, the result is the same. In general, discovery rulings and sanctions are reviewed for an abuse of discretion. *RTC v. Dabney*, 73 F.3d 262, 265 (10th Cir. 1995); *GWN Petroleum Corp. v. OK-Tex Oil & Gas, Inc.*, 998 F.2d 853, 858 (10th Cir. 1993). Here, the record supports the district court's denial of sanctions and/or discovery.

The judgment of the district court is AFFIRMED.

We GRANT Finch's motion for leave to file exhibits. We DENY his motion to proceed in forma pauperis and he is responsible for immediate payment of any unpaid filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-3-